IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AEROPLATE CONSTRUCTION CORP., Plaintiff, | ) | No. 04-249C (Judge Wiese) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to the complaint, defendant, the United States admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Denies the allegation contained in the first sentence of paragraph 4, that, on July 26, 2002, Aeroplate entered into Contract NAS2-02089 with NASA. Admits the allegations contained in the remainder of the first sentence to the extent supported by the contract cited, which is the best evidence of its contents;

otherwise denies the allegations contained in the remainder of the first sentence. Admits the allegations contained in the second sentence of paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 4.

5. Denies the allegation contained in the first sentence of paragraph 5. Denies the allegation contained in the second sentence of paragraph 5 that Aeroplate submitted a competitive bid; admits the remainder of the allegations contained in the second sentence of paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 5. Admits the allegations contained in the third sentence of paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 5. Denies the allegation contained in the fourth sentence of paragraph 5, that the Notice to Proceed was received by Aeroplate on or about August 6, 2002, for lack of knowledge or information sufficient to form a belief as to its truth; admits the allegation contained in the fourth sentence of paragraph 5 that the Notice to Proceed established a completion date of February 2, 2003; otherwise denies the allegations contained in

the fourth sentence of paragraph 5.

6. Denies the allegation contained in the first sentence of paragraph 6 that the contract called for remodeling; admits the remaining allegations contained in the first sentence of paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the first sentence of paragraph 6. Admits the allegations contained in the second sentence of paragraph six to the extent supported by the option cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 6.

7. The allegations contained in paragraph 7 are conclusions of law and characterizations of plaintiff's case, to which no responses are required; to the extent that these allegations may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in the first sentence of paragraph 8 to the extent supported by the November 4, 2003 and December 12, 2003 letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 8. The allegation contained in the second sentence of paragraph 8 is a conclusion of law, to which no response is required; to the extent that the allegation contained in the second sentence of paragraph 8 is deemed an

allegation of fact, it is denied. Admits the allegations contained in the third and fourth sentences of paragraph 8 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 8. The allegations contained in the fifth sentence of paragraph 8 constitute conclusions of law and a characterization of plaintiff's case, to which no response is required; to the extent that the allegations contained in the fifth sentence of paragraph 8 may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 are conclusions of law, to which no responses are required; to the extent that the allegations contained in paragraph 9 are deemed allegations of fact, they are denied.

10. The allegation contained in the first sentence of paragraph 10 is a conclusion of law to which no response is required; to the extent that the allegation contained in the first sentence of paragraph 10 is deemed an allegation of fact, it is denied. The allegation contained in the second sentence of paragraph 10 requires no response; to the extent that the allegation contained in the second sentence of paragraph 10 is deemed an allegation of fact, it is denied. The allegation contained in the third sentence of paragraph 10 is a conclusion of law to which no response is required; to the extent that the

allegation contained in the third sentence of paragraph 10 is deemed an allegation of fact, it is denied.

11. Denies that plaintiff is entitled to the relief requested in its requests for relief, 1-4, following paragraph 10 or to any relief whatsoever.

12. Denies each and every allegation not previously admitted or otherwise qualified.

DEFENDANT'S COUNTERCLAIM

1. This Court possesses jurisdiction to entertain the Government's counterclaim pursuant to 28 U.S.C. §§ 1503 and 2508, as well as the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601-613.

2. On July 16, 2002, Aeroplate and NASA executed Contract NAS2-02089 V689P-2563 for work on Building N236, Wings A & B, Roofing, and HVAC systems at NASA Ames Research Center, Moffett Field, California.

3. The contract states that if the contractor fails to complete the work contemplated by the contract by the contract completion date, the contractor will be assessed liquidated damages in the amount of $514 per day.

4. On March 19, 2004, the contracting officer issued Modification #1, which extended the contract completion date to March 23, 2003.

5. The contract was completed on June 18, 2003, 87 days

after the contract completion date of March 23, 2003.

6. Pursuant to the contract, Aeroplate owes the Government $44,718.00 in liquidated damages for failure to complete contract performance by March 23, 2003.

WHEREFORE, defendant requests that the complaint be dismissed, that judgment be entered in favor of defendant in the amount of $44,718.00, plus interest, and that defendant be granted such other and further relief as the Court may deem just and proper.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker

KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:

Scott W. Barber
Senior Attorney
Office of the General
Counsel
NASA Headquarters,
Room 9W74
300 E Street, S.W.
Washington, DC 20546

Alexander Barna
Associate Chief Counsel
for Claims and Litigation
Office of Chief Counsel
NASA Ames Research Ctr.
Mail Stop 202A-4
Moffett Field, CA 94035

s/ Claudia Burke

CLAUDIA BURKE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
tel: (202) 353-9063
fax: (202) 307-0972

June 25, 2004

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 25th day of June, 2004, a copy of the foregoing notice of appearance, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ CLAUDIA BURKE