UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AEROPLATE CONSTRUCTION CORP. | ) | CASE NO. 04-249C |
| Plaintiff, | ) | (Judge Wiese) |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM**

For Plaintiff's Reply to Defendant's Counterclaim, Plaintiff admits, denies and alleges as follows:

1. Replying to paragraph 1 of Defendant's Counterclaim, Plaintiff asserts that the allegations contained within paragraph 23 of Defendant's Counterclaim are allegations of law to which no response is required; to the extent the allegations are deemed allegations of fact they are denied.

2. Replying to paragraph 2 of Defendant's Counterclaim, Plaintiff admits the allegations to the extent supported by the document cited, which is the best evidence of its contents.

3. Replying to paragraph 3 of Defendant's Counterclaim, Plaintiff admits the allegations to the extent supported by the document cited, which is the best evidence of its contents, otherwise the allegations are denied.

4. Replying to paragraph 4 of Defendant's Counterclaim, Plaintiff admits the allegations to the extent supported by the document cited, which is the best evidence of its contents, otherwise the allegations are denied.

5. Replying to paragraph 5 of Defendant's Counterclaim, Defendant's allegations constitute conclusions of law and Defendant's characterization of its case to which no

response is required. To the extent the allegations in paragraph 5 are allegations of fact they are denied.

6. Replying to paragraph 6 of Defendant's Counterclaim, Defendant's allegations constitute conclusions of law and Defendant's characterization of its case to which no response is required. To the extent the allegations in paragraph 6 are allegations of fact they are denied.

7. Denies each allegation not previously admitted or otherwise qualified in paragraphs 1 to 6 of Defendant's counterclaim.

**AFFIRMATIVE DEFENSES**

For further Reply to Defendant's Counterclaims, and by way of affirmative defense, Plaintiff alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

(Waiver)

As and for a first affirmative defense to the Complaint on file herein, this replying Defendant is informed and believes and thereon alleges that Plaintiff engaged in conduct and activities sufficient to constitute waiver of any alleged claim for relief set forth in its Complaint.

**SECOND AFFIRMATIVE DEFENSE**

(Doctrine of Unclean Hands)

As and for a second affirmative defense to the Complaint on file herein and each cause of action therein, this replying Defendant alleges that Plaintiff's claims are barred by the Doctrine of Unclean Hands.

**THIRD AFFIRMATIVE DEFENSE**

(Doctrine of Equitable Estoppel)

As and for a third affirmative defense to the Counterclaims on file herein and each cause of action therein, this Defendant is informed and believes and thereon alleges that Defendant's Counterclaims, and each and every purported cause of action contained herein, is barred by reasons of act, omissions, representations, and courses of conduct by Defendant

upon which this Plaintiff was led to rely to its detriment, thereby barring under the Doctrine of Equitable Estoppel any causes of action asserted by Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

(Doctrine of Laches)

As and for a fourth affirmative defense to the Defendant's Counterclaims on file herein, this replying Plaintiff is informed and believes and thereon alleges that Defendant waited an unreasonable period of time before asserting its claims, if any, against this replying Plaintiff, and is barred from asserting such claims under the Doctrine of Laches.

**FIFTH AFFIRMATIVE DEFENSE**

(Unreasonable Sums)

As and for a fifth affirmative defense to Defendant's Counterclaims on file herein, this replying Plaintiff is informed and believes and thereon alleges that any and all sums paid or incurred by Defendant, for which recover is sought either in whole or in part, are not reasonable, justified nor warranted either in whole or in part, and, to the extent said sums were not reasonable, justified nor warranted, Defendant is barred from recovery whatsoever.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

As and for a sixth affirmative defense to Defendant's counterclaim on file herein and each cause of action therein, this replying Plaintiff alleges that Defendant failed, neglected, and refused to mitigate the damages alleged and therefore is barred from recovery. This replying Plainitiff is informed and believes and thereon alleges that if Defendant had undertaken to mitigate these damages, then Plaintiff would have suffered no damages whatsoever

**SEVENTH AFFIRMATIVE DEFENSE**

(Plaintiff's Conduct)

As and for a seventh affirmative defense to the Complaint on file herein, this replying Defendant alleges with regard to the matters and allegations alleged in the Complaint, that Plaintiff's conduct with regard to the matters alleged in the Complaint bars Plaintiff from any recovery in this action.

**EIGHTH AFFIRMATIVE DEFENSE**

(Set Off)

As and for a eighth affirmative defense to Defendant's Counterclaims on file herein and each cause of action therein, this replying Plaintiff denies that they are liable to Defendant for any amount; however, to the extent that this replying Plaintiff has any liability to Defendant, it is entitled to set off or off set.

**NINTH AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

As and for a ninth affirmative defense to Defendant's Counterclaims on file herein, this replying Plaintiff is informed and believe and thereon alleges that each of the purported claims and items of damages, if any referred to therein have been the subject of an accord and satisfaction thereby releasing replying Plaintiff from any and all liability with respect thereto.

**TENTH AFFIRMATIVE DEFENSE**

(Failure to Provide Opportunity To Cure)

As and for a tenth affirmative defense to Defendant's Counterclaims on file herein, this replying Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant failed to timely notify this replying Plaintiff of such conditions as described in Defendant's Counterclaims and failed to give this replying Plaintiff timely opportunity to cure such conditions. This conduct by Defendant bars it from any relief from this replying Plaintiff herein.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Doctrine of Independent, Intervening Acts)

As and for a eleventh affirmative defense to Defendant's Counterclaims on file herein and each cause of action therein, this replying Plaintiff alleges provisionally and conditionally that if it is nevertheless found that Defendant has suffered injuries or damages, if any, then in that event any and all recovery against this Plaintiff, is barred by the application of the

principles of independent, intervening acts which supersede any and all alleged grounds of liability against this replying Plaintiff, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

As and for a twelfth affirmative defense to Defendant's counterclaims on file herein, this replying Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant was negligent, careless, reckless and unlawfully conducted itself so as to directly and proximately contribute to the happening of the alleged damages, all of which said negligence bars either completely or partially the recovery sought by the Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

As and for a thirteenth affirmative defense to Defendant's Counterclaims on file herein, this replying Plaintiff alleges that at all times and places set forth in Defendant's Counterclaims, Defendant failed to exercise ordinary care on its own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of damages complained of by Defendant's Counterclaims. Defendant's recovery therefore against this replying Plaintiff should be barred or reduced according to principals of comparative negligence.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Reservation)

As and for a fourteenth affirmative defense to Defendant's Counterclaims on file herein, this replying Plaintiff is informed and believes and thereon alleges that it intends to rely on such other affirmative defenses as may become legally available, known or apparent during discovery in this action and hereby reserves the right to amend its Reply to assert any and all such defenses.

WHEREFORE, this replying Plaintiff prays that:

1. That Defendant takes nothing by way of its Counterclaims;
2. That said Counterclaims be dismissed with prejudice;
3. This replying Plaintiff be awarded costs of suit incurred herein;

4. This replying Plaintiff be awarded attorneys' fees and costs to be determined at the time of trial;

5. For such other and further relief as the Court deems just and proper.

Dated: June 29, 2004

Respectfully submitted,

s/ William L. Bruckner
BRUCKNER & WALKER
4550 Kearny Villa Road, Ste 209
San Diego, CA 92123
(858) 565-8300 Telephone
(858) 565-0813 Facsimile
WBRUCK7413@aol.com

Attorneys for Aeroplate Construction Corp.

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on July 14, 2004 a copy of **"PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM"** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the courts web system

s/ WILLIAM BRUCKNER